UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLY S.,<br><br>                    Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 2:23-CV-1247-DWC<br><br>ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider Plaintiff's subjective symptom testimony and the lay witness testimony. Had the ALJ properly considered this testimony, the ALJ may have found the residual functional capacity ("RFC") assessment should have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant to sentence

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 1

four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

## I. Procedural History

Plaintiff applied for benefits in July of 2020 and alleges disability as of April 30, 2015. Dkt. 5, Administrative Record ("AR") 15. On August 25, 2022, ALJ Cecilia LaCara determined Plaintiff was not disabled. AR 15-28. The Appeals Council denied Plaintiff's request for review, making the August 2022 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

In the Opening Brief, Plaintiff alleges the ALJ erred by failing to properly consider: (1) Plaintiff's subjective symptom testimony; and (2) the lay witness testimony. Dkt. 7. Plaintiff requests the Court remand this case for the award of benefits. *Id*. at 11-12.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 2

A. *Subjective Symptom Testimony*

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). At the first step, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged symptoms; rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).

If the claimant satisfies this first step and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ to make "specific finding[s]:"

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 3

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

Plaintiff completed a Function Report[2] on December 24, 2020. AR 340-47. Plaintiff stated she has difficulty bathing and dressing. AR 341. She can only prepare simple meals one to two times per week. AR 342. As a result of her fatigue and inability to focus, she cannot prepare more complex meals. AR 342. Plaintiff also stated she cannot drive because she is frequently distracted and has impaired judgment and reaction times due to her pain medications. AR 343. Plaintiff's impairments impact her ability to lift, squat, stand, walk, climb stairs, remember, complete tasks, concentrate, understand, and follow instructions. AR 345. Plaintiff can pay attention for two hours when not fatigued and less than fifteen minutes when fatigued. AR 345. Plaintiff's medications cause brain fog, decreased appetite, extreme fatigue, and headaches. AR 347.

Plaintiff testified at the hearing that she last worked fulltime for Microsoft in April of 2015. AR 39. Plaintiff testified that she was diagnosed with multiple sclerosis ("MS") in college. AR 40. She stated she could not continue to work because the work was extremely competitive, and the stress of the job was too great. AR 40. Plaintiff explained that her health was worsening, she was having to ask for a lot of accommodations, and she was not able to do the job successfully. AR 41. After Plaintiff left Microsoft, she began part-time work but had to quit after

---

[2] The Social Security Administration uses this form to obtain information on how the applicant's illnesses, injuries, or conditions limit their activities.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 4

1  a year because she could not handle the physical demands of the job. AR 41-42. Plaintiff stated

2  she worked every other day and, on her days off, she would stay home and rest. AR 42. She

3  testified she could do a few small chores, but was not able to run errands. AR 42. Plaintiff

4  testified she could not lift 40-pound boxes and suffered from fatigue and an inability to focus and

5  concentrate. AR 42-43. Plaintiff also attempted to open her own consulting business. AR 45. As

6  a result of this position, Plaintiff suffered from an MS attack – she was having a lot of pain and

7  trouble walking, AR 45.

8        When asked why she could not do "even a simple, sit-down job, eight hours a day, five

9  days a week in a consistent, reliable way," Plaintiff stated that she experiences severe fatigue

10 after doing any activity for a couple of hours, she would be absent from work a fair bit, and

11 would be unreliable. AR 46. Plaintiff testified that her MS medication also can result in

12 infections that make her bedridden for a few days at a time. AR 47.

13       Plaintiff has a nanny several days a week to help care for her child, including washing

14 laundry, making meals, and bathing her child. AR 48. In addition, Plaintiff's husband and in-

15 laws help with her child. AR 48. At times, her husband has had to take off work to assist with

16 their child when the nanny is unavailable. AR 48. Plaintiff has also had to resign from volunteer

17 boards because of her impairments. AR 49-50.

18       Regarding Plaintiff's testimony, the ALJ found Plaintiff's "medically determinable

19 impairments could reasonably be expected to cause the alleged symptoms." AR 24. However, the

20 ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects

21 of these symptoms are not entirely consistent with the medical evidence and other evidence in

22 the record." AR 24. The ALJ discounted Plaintiff's subjective testimony because the "nature and

23

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 5

frequency of [her] treatment history, . . . evidence of improvement, and normal or nearly normally objective medical signs, is consistent with greater residual abilities[.]" AR 24.

The ALJ provided only one reason for discounting Plaintiff's subjective symptom testimony: the ALJ found the medical records did not support the level of severity Plaintiff described. *See* AR 20-24. Determining that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 at 1297 (9th Cir. 1999); *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Moreover, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. Rather, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill, v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) (emphasis added); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Here, the ALJ summarized evidence contained in the medical records, but the ALJ did not link the cited medical records to any specific testimony or statements the ALJ found unsupported or inconsistent with Plaintiff's testimony. *See* AR 20-22. In only providing a recitation of the medical evidence, the ALJ failed to identify *which* testimony is inconsistent or unsupported and *why* Plaintiff's testimony is not credited based upon the alleged inconsistencies. Moreover, the records cited by the ALJ are not inconsistent with Plaintiff's testimony. For

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 6

example, treatment records show Plaintiff suffered from worsening leg and arm pain in 2016 and extreme fatigue in August of 2019. AR 767. In 2018, Plaintiff reported fatigue, difficulty sleeping, pain, headaches. *See* AR 525, 531, 537. The ALJ fails to explain how these reports are inconsistent with Plaintiff's reports of flare-ups and extreme fatigue and improvement with rest. *See Brown-Hunter*, 806 F.3d at 492 ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). The Court also notes the ALJ has inaccurately cited to the record. *See* AR 24 (citing 7F/23 as noting Plaintiff's fatigue was fully resolved; however, that record does not indicate resolved fatigue).

For the above stated reasons, the ALJ erred in discounting Plaintiff's testimony because her subjective complaints were inconsistent with the record. Accordingly, the ALJ did not provide a clear and convincing reason for discrediting Plaintiff's subjective testimony. Had the ALJ properly considered Plaintiff's testimony, the RFC and hypothetical questions posed to the vocational expert may have contained additional limitations. For example, the RFC and hypothetical questions may have included limitations reflecting Plaintiff's testimony that she could not maintain employment due to her fatigue. Because the ultimate disability determination may have changed with proper consideration of Plaintiff's testimony, the ALJ's error is not harmless and requires reversal. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

B.  *Lay Witness Testimony*

Plaintiff also contends the ALJ erred by failing to properly consider the statements from Plaintiff's family and friends ("lay witness evidence"). Dkt. 7 at 7-11. Defendant argues that

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 7

ALJs are no longer required to articulate their consideration of nonmedical evidence under the revised regulations. Dkt. 9 at 13.

The regulations regarding the evaluation of certain medical and nonmedical evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023).[3] Other relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

The Court reads the new regulations as not eliminating an ALJ's obligation to consider and address nonmedical source evidence, including an obligation to articulate germane reasons

---

[3] Defendant relies on *Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) to support its position that the ALJ did not need to articulate any reasons for discounting the lay witness evidence in her decision. *See* Dkt. 9 at 14. In a **footnote** in *Fryer*, the Ninth Circuit stated, "It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions." 2022 WL 17958630, at *3, n.1. Courts have interpreted the statement in *Fryer* to mean only that the ALJ is not required to articulate *how* the ALJ considered the lay witness evidence using the requirements in 20 C.F.R. §§ 404.1520c and 416.920c. *See MEGAN ANN D., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024). Furthermore, in *Fryer*, the Ninth Circuit cited *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. Sept. 1, 2022). *Johnson* does not hold that the ALJ is no longer required to articulate their decision regarding lay witness testimony. Rather, *Johnson* declined to decide the issue. 2022 WL 3998572, at *2. Additionally, *Stephens*, which was decided after *Fryer*, states the Ninth Circuit has not yet addressed whether the ALJ is still required to provide germane reasons for discounting lay witnesses under the new regulations. *Stephens*, 2023 WL 6937296 at *2. Therefore, the Court is not persuaded by Defendant's argument.

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 8

for disregarding that same evidence. Further, as the Ninth Circuit law remains unsettled, the Court finds that Ninth Circuit precedent continues to require an ALJ to provide germane reasons for discounting nonmedical source evidence. *See MEGAN ANN D., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant.*, 2024 WL 1308928, at *5 (D. Idaho Mar. 27, 2024) (finding germane reasons are still required).

Here, the ALJ stated the third-party opinions "were considered, but they are not medical opinions because they were not written by qualified medical sources. Our policy is to only articulate the persuasiveness of medical opinions." AR 24. The ALJ failed to provide any reason for discounting the lay witness evidence. Accordingly, the ALJ erred. On remand, if the lay witness evidence is discounted, the ALJ must articulate germane reasons for doing so.

C. *Remand for Further Proceedings*

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 7 at 11-12. Defendant maintains there are conflicts in the evidence which must be resolved on remand. Dkt. 9 at 15-16. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court has determined the ALJ must re-evaluate Plaintiff's subjective symptom testimony and the lay witness testimony. Considering the record as a whole, the Court finds remand for further administrative proceedings is the appropriate remedy in this matter.

IV. **Conclusion**

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter

is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 15th day of April, 2024.

*David W. Christel*
David W. Christel
United States Magistrate Judge